**Thomas EDMONDS, Appellant**

v.

**UNITED STATES of America; Donna Zickefoos, Warden at FCI Fort Dix Prison.**

**No. 10–4276.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 31, 2011.

Opinion filed: May 16, 2011.

Thomas Edmonds, Fort Dix, NJ, pro se.

Susan J. Steele, Esq., Office of United States Attorney, Newark, NJ, for United States of America; Donna Zickefoos, Warden at FCI Fort Dix Prison.

Before: MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Thomas Edmonds appeals the District Court's October 28, 2010 order dismissing his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. We will summarily affirm.

Edmonds, a federal prisoner currently incarcerated at FCI Fort Dix, received a 200–month sentence in the United States District Court of the Middle District of Georgia for possession with intent to distribute methamphetamine. *See generally United States v. Edmonds*, 196 Fed.Appx. 769 (11th Cir.2006) (affirming sentence and summarizing case background). In 2007, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of

counsel; the District Court denied the motion on February 22, 2011. *See Edmonds v. United States*, No. 6:02–cr–00020, 2011 WL 720213, at *1–2, 5, 2011 U.S. Dist. LEXIS 17054, at *3–4, 14–15 (M.D.Ga. Feb. 22, 2011).

Edmonds filed the instant 28 U.S.C. § 2241 petition in the District Court for the District of New Jersey on May 19, 2010, asserting that "a portion of his prison term was a result of an erroneous sentence enhancement under [United States Sentencing Guidelines] § 2D1.1(b)(1)." Pet. 1, ECF No. 1. He argued an inability to proceed under 28 U.S.C. § 2255 because he had raised a variant of the claim on direct appeal, and "claims that were decided on direct appeal are barred from being raised on a § 2255 petition." Pet. 5. Therefore, he averred, it was proper for him to utilize § 2241.

The District Court disagreed, holding that Edmonds had not "assert[ed] any grounds as to why Section 2255 would be [an] 'inadequate or ineffective' remedy to address his challenges to his federal sentence. All he assert[ed was] that his federal sentence was erroneously enhanced." *Edmonds v. United States*, No. 10–2669, 2010 WL 4366153, at *2, 2010 U.S. Dist. LEXIS 115230, at *6–7 (D.N.J. Oct. 28, 2010). It therefore dismissed the petition for lack of jurisdiction. *Id.* at *2, 2010 U.S. Dist. LEXIS 115230, at *7.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the denial of a 28 U.S.C. § 2241 petition, we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." *See O'Donald v. Johns*, 402 F.3d 172, 173 n. 1 (3d Cir.2005); *see also United States v. Friedland*, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying ... relief under 28 U.S.C. § 2241 is plenary."). Third Circuit LAR 27.4 and I.O.P. 10.6 allow us to summarily affirm when it is clear that no substantial question is presented by the appeal. *See United States v. Baptiste*, 223 F.3d 188, 190 n. 3 (3d Cir.2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

We are in full accord with the opinion of the District Court. It is well settled that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).[1] While Edmonds attempts to avail himself of the "safety valve" of 28 U.S.C. § 2255(e), which allows a federal prisoner to challenge his conviction or sentence under § 2241 under certain circumstances, it affords this relief only if "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Inadequacy is not presumed simply because procedural requirements present an impediment to filing. *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538–39 (3d Cir.2002).

---

1. Edmonds attempts to rely on *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995)—a pre-AEDPA case—for the proposition that a " § 2241 petition is [the] proper vehicle for challenging the duration of [a] prisoner's confinement without challenging the underlying conviction." Pet. 4. *Koray* involved a challenge to sentence credits that were denied by the Bureau of Prisons, which is both well within the traditional heartland of permissible § 2241 actions, *see Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir.2001) (collecting cases), and is easily distinguishable from the present situation; Edmonds's attempt to cleave his "sentence" from his "conviction" affords him no relief under the plain language of 28 U.S.C. § 2255, which explicitly covers actions taken by a person "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

Rather, proper use of the safety valve is limited to rare circumstances, such as when a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law [negated]." *See In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997).

Here, despite his protestations to the contrary, Edmonds clearly seeks relief that would ordinarily be available under 28 U.S.C. § 2255. That he raised a version of his incorrect-sentencing argument on direct appeal is, in this case, irrelevant to the basic availability of § 2255 relief; indeed, it shows that he *did* have an earlier opportunity to argue the claim. And since he is not prevented from pursuing a § 2255 motion, "habeas corpus relief is unavailable for lack of jurisdiction." *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir.1971) (per curiam). As no substantial issue is before us, we will therefore summarily affirm the judgment of the District Court.